IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FAVIO RODRÍGUEZ-SÁNCHEZ,

Plaintiff

v.                                             CIVIL 08-2238 (JA)

ANÍBAL ACEVEDO-VILÁ, et al.,

Defendant

OPINION AND ORDER

This matter is before the court on motion to quash and/or to dismiss filed by the defendant, Aníbal Acevedo-Vilá ("Acevedo-Vilá"), on February 18, 2010. (Docket No. 26.)  The motion was opposed by plaintiff, Favio Rodríguez-Sánchez, on March 19, 2010. (Docket No. 28.)  For the reasons set forth below, Acevedo-Vilá's motion to quash and/or dismiss is GRANTED.

I. OVERVIEW

Acevedo-Vilá argues that all claims against him have to be dismissed because he was not properly served by plaintiff. (Docket No. 26, at 1.) According to Acevedo-Vilá, the summons was not served personally or through an authorized agent. (Id. at 3.)  Instead, the summons was served upon the Secretary of the Puerto Rico Department of Justice ("PRDJ"), Guillermo Somoza-Colombani ("Somoza-Colombani"), who Acevedo-Vilá claims was not authorized to receive service of summons on his behalf. (Id.)  Acevedo-Vilá claims that if plaintiff's intention was to sue him in his official capacity, the defendant in this

CIVIL 08-2238 (JA)                              2

case would have to be Luis Fortuño-Burset ("Fortuño-Burset"). (Id.) Also, Acevedo-Vilá claims that the complaint has to be dismissed because the summons was not served within 120 days. (Id.) Plaintiff ripostes that the summons was properly served because: (1) the documents necessary to inform Acevedo-Vilá about the complaint were sent to the Clerk's Office; and (2) a letter was sent to the PRDJ informing it about the complaint. (Docket No. 28, at 2.) Furthermore, plaintiff claims that the reason why the summons was not served within the 120 day period was because he was not allowed to proceed with the complaint until December 2, 2008. (Docket Nos. 3-6 & Docket No. Docket No. 28, at 1-2.) Plaintiff also argues that the proper defendant in this case is Acevedo-Vilá because he was the acting governor when the complaint was filed. (Docket No. 28, at 3.)

## II.  ANALYSIS

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Capital Int'l, Ltd v. Rudolf Wolff & Co., 484 U.S. 97, 103 (1987). The First Circuit has held that when a state officer is sued in his personal and/or official capacity, service is sufficient if it is made pursuant to Federal Rule of Civil Procedure 4(e). Echevarría-González v. González-Chapel, 849 F.2d 24, 28-30 (1988) (citing Richards v. N.Y. State Dep't of Corr. Servs., 572 F. Supp. 1168, 1173 n.3 (S.D.N.Y. 1983)). Rule 4(e) states in relevant part that:

CIVIL 08-2238 (JA)                              3

> Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
> . . .
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).[1]

---

[1] Service also can be effected pursuant to the law of the state in which the district court is located. Boateng v. Inter Am. Univ. of P.R., 188 F.R.D. 26, 28 (D.P.R. 1999) (citing Fed. R. Civ. P. 4(e)(1)). Rule 4.4(g) of the Puerto Rico Rules of Civil Procedure provides that service shall be made:

> (g) Upon an officer or agency of the Commonwealth of Puerto Rico other than a public corporation by delivering a copy of the summons and of the complaint to said officer or to the chief executive officer of said agency and to the Secretary of Justice or to a person designated by him. If the agency is a public corporation, by delivering the copies pursuant to the provisions of Rule 4.4(e).

Echevarría-González v. González-Chapel, 849 F.2d at 29 n.3 (quoting P.R. Laws Ann. tit. 32, App. III R. 4.4(g)).

CIVIL 08-2238 (JA)                                              4

In this case, plaintiff filed a *pro-se* complaint pursuant to 42 U.S.C. § 1983 against Acevedo-Vilá and several other defendants. (Docket No. 2.) He alleges that the defendants including Acevedo-Vilá violated his rights by subjecting him to unsafe and unsanitary living conditions. (Docket Nos. 2 & 4-3.) Specifically, plaintiff claims that: (1) he and another individual shared the same cell even though it was designed to hold only one person; (2) the cell lacked adequate lighting and ventilation; (3) water containing human by-products and dirt from the neighboring shower would leak into his cell; (4) the cell was infested with pests; and (5) the toilet did not function. (Docket No. 4-3, at 1-3.) Plaintiff claims that he lived under these conditions for 36 days (from September 25, 2007 until October 30, 2007) before he was transferred to another cell. (Id. at 4-5.)

Although Acevedo-Vilá was the Governor of Puerto Rico when the complaint was filed, by the time the summons was served Fortuño-Burset had become the new Governor (the complaint was filed on October 28, 2008 and the summons was served on January 26, 2010). (Docket Nos. 2 & 24.) Service of process was made by leaving copies of the summons and the complaint with Grisel Santiago, who had been authorized by Somoza-Colombani to accept service of process on behalf of the PRDJ. (Docket No. 28-2.) However, a copy of the complaint and the summons were never delivered personally to Acevedo-Vilá nor sent to his home as required by Rule 4(e). Thus, the court does not have jurisdiction over

CIVIL 08-2238 (JA)                              5

Acevedo-Vilá in his personal capacity. The issue therefore turns to whether or not service of process was sufficient to give the court jurisdiction over Acevedo-Vilá in his official capacity.

Rule 25 provides that "[a]n action does not abate when a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending . . . [because] the officer's successor [will be] automatically substituted as a party." Fed. R. Civ. P. 25(d). However, in order for substitution to proceed, it is necessary that at the time the complaint was filed, Acevedo-Vilá was properly served with a copy of the complaint and the summons. Rule 4(b) states that "[o]n or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant." Fed. R. Civ. P. 4(b). Once the summons is issued, it has to be served within 120 days of the complaint being filed. Fed. R. Civ. P. 4(m). Otherwise, "the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specific time. . . . [I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

"'Good cause is likely (but not always) to be found when the plaintiff's failure to complete service in timely fashion is a result of a third person, typically

CIVIL 08-2238 (JA)                                    6

the process server, the defendant has evaded service of the process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstance[s], or the plaintiff is proceeding *pro se* or in *forma pauperis*.'" Moreno-Pérez v. Toledo-Dávila, 2010 WL 841249, at *3 (D.P.R. Mar. 11, 2010) (quoting Bunn v. Gleason, 250 F.R.D. 86, 89 (D. Mass. 2008) (quoting McIsaac v. Ford, 193 F. Supp. 2d 382, 383 (D. Mass. 2002) (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1137, at 342 (3d ed. 2002)).

Plaintiff has failed to show good cause for his failure to serve Acevedo-Vilá within the 120 day period.  First, the summons was served 15 months after the complaint was filed.  Second, during those 15 months plaintiff never requested an extension of time to perfect service of summons.  Third, despite the fact that plaintiff was not allowed to proceed with his complaint until December 2, 2008, there is no evidence of a diligent effort on his behalf to effect service of process within the 120 day period.  Although plaintiff failed to show good cause for his delay, time for service could still be extended by determining whether "'(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer . . . prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.'" Moreno-Pérez v. Toledo-Dávila, 2010 WL 841249, at *4 (quoting United States v. Tobins, 483 F. Supp. 2d 68, 79-80 (D. Mass. 2007)

CIVIL 08-2238 (JA)                                    7

(quoting <u>Riverdale Mills Corp v. U.S. Dep't of Transp. Fed. Aviation Admin.</u>, 225 F.R.D. at 395) (quoting <u>In re Sheehan</u>, 253 F.3d 507, 512 (9th Cir. 2001)).

    While Fortuño-Burset is not named as a defendant in the complaint he is the proper party in this case because the summons was served upon Somoza-Colombani, who as Secretary of the PRDJ is authorized to receive service of summons on his behalf. Thus, since Fortuño-Burset had notice of the lawsuit he will not be prejudiced if time for service is extended. Contrariwise, plaintiff who is proceeding *pro se* would be the most affected if the complaint were to be dismissed. Hence, given these circumstances an enlargement of time is warranted. Accordingly, since service was proper Fortuño-Burset will replace Acevedo-Vilá as a defendant in this case. <u>See</u> 5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1353 (3d ed. 2002). The court therefore has personal jurisdiction over Fortuño-Burset in his official capacity.

### III.  CONCLUSION

    For the reasons set forth above, Acevedo-Vilá's motion to quash and/or to dismiss is hereby GRANTED.

    At San Juan, Puerto Rico, this 17th day of May, 2010.

                                S/ JUSTO ARENAS
                           Chief United States Magistrate Judge